Civil Records

**LOUIS J. PERRET**
**Clerk of Court, Lafayette Parish Parish**
**P. O. BOX 2009**
**LAFAYETTE, LA 70502**
**Telephone: (337) 291-6303 Fax: (337) 291-6392**

**STATE OF LOUISIANA**
**PARISH OF LAFAYETTE**

**OFFICE OF THE CLERK OF COURT**
**15TH JUDICIAL DISTRICT COURT**

I, Hannah C. Dufrene, Deputy Clerk of Court, in and for the Parish of Lafayette, State of Louisiana, do hereby certify that the attached documents are true and correct copies from the civil suit entitled:

**MASON DENUX, ET AL**

**VS** **DOCKET NUMBER: C-20211510 B**

**HYUNDAI CAPITAL AMERICA INC**

Consisting of 16 pages, the original of which documents are on file in the Lafayette Parish Clerk of Court Office.

Lafayette, Louisiana, this APRIL 12, 2021.

Hannah C. Dufrene
Hannah C. Dufrene, Deputy Clerk of Court
Lafayette Parish Parish



Lafayette Parish
Filed Mar 23, 2021 3:52 PM
Simone Vaughan
Deputy Clerk of Court
C-20211510
B

BODENHEIMER, JONES & SZWAK
LLC

ATTORNEYS AT LAW

DAVID A. SZWAK*

*Chairman, Consumer Protection Section, LSBA

416 Travis Street, Suite 800
Mid South Towers
Shreveport, Louisiana 71101
Telephone (318) 424-1400
Facsimile (318) 221-6555
bjks1507@aol.com

G.M. BODENHEIMER (1994)
J.W. JONES (2003)
JAMES P. BODENHEIMER (2016)

www.MyFairCredit.com
www.MyFairDebt.com
www.MyFairAuto.com

March 18, 2021

**CERTIFIED MAIL/RETURN RECEIPT REQUESTED**

Lafayette Parish Clerk of Court
**Attn: Civil Dept.**
P.O. Box 2009
Lafayette, LA 70502-2009

RE: Mason Denux and Caitlin Woodard Denux v. Hyundai Capital America, Inc. dba Kia Motors Finance Company

Dear Clerk:

Please find the original and two copies of my Petition in the above referenced matter . Please file the Petition into the record and return to me a stamped filed copy in the self addressed envelope enclosed for your convenience.

Also enclosed is my check in the amount of $300.00 for the filing cost.

Please call my office if you have any questions.

Sincerely,

David A. Szwak

**STAMPED COPY MAILED**
**March 24, 2021 AB**

Enclosures

cc: Mason & Caitlin Denux

Lafayette Parish
Filed Mar 23, 2021 3:52 PM
Simone Vaughan
Deputy Clerk of Court
C-20211510
B

MASON DENUX and CAITLIN WOODARD DENUX — NUMBER: C-20211510 DIV:

Versus — 15TH JUDICIAL DISTRICT COURT

HYUNDAI CAPITAL AMERICA, INC. D/B/A KIA MOTORS FINANCE COMPANY — LAFAYETTE PARISH, LOUISIANA

# PETITION

NOW INTO COURT, through undersigned counsel, come MASON DENUX and CAITLIN WOODARD DENUX, Plaintiffs in the above entitled and captioned matter, who respectfully pray for Judgment of this Honorable Court against defendant, HYUNDAI CAPITAL AMERICA, INC. D/B/A KIA MOTORS FINANCE COMPANY, as follows:

1.

Plaintiffs, MASON DENUX and CAITLIN WOODARD DENUX, are husband and wife in community and are major domiciliaries of Carencro, Lafayette Parish, Louisiana and are victims of repeated false credit reportings and creditor-account collection activities by defendant.

2.

Made defendant is HYUNDAI CAPITAL AMERICA, INC. D/B/A KIA MOTORS FINANCE COMPANY, which may also hereinafter be referred to as "KIA," a foreign corporation believed to be authorized to do and doing business in the State of Louisiana, and who may be served with process through its registered agent for service of process: NATIONAL REGISTERED AGENTS, INC., 3867 Plaza Drive, Baton Rouge, Louisiana 70816.

3.

Plaintiffs respectfully assert that this Honorable Court has subject matter jurisdiction in this case as a court of competent, concurrent jurisdiction. Venue is proper as this Parish under the Louisiana Long-Arm venue provision and plaintiffs' damages were sustained in this Parish and, substantially, all of the underlying events took place in and caused impact and damage in this Parish and State.

4.

Plaintiffs respectfully request that this Honorable Court award in plaintiffs' favor and against the Defendant sums representing statutory damages and punitive or exemplary damages in addition to actual or compensatory damages.

5.

Plaintiffs respectfully request that this Honorable Court award plaintiffs their litigation expenses and other costs of litigation and reasonable attorneys' fees incurred in this litigation.

6.

Plaintiffs are consumers and victims of improper creditor-collection activities and false credit reportings by defendant.

7.

Defendant is a creditor and furnisher/user/subscriber of and to credit information to the national credit reporting agencies, including Experian, Equifax and Trans Union.

8.

In or about March, 2020, plaintiff CAITLIN DENUX was involved in an auto accident while operating her personal vehicle which was [is] financed through defendant.

9.

Plaintiffs' insurer, Farm Bureau Insurance, adjusted the loss and declared plaintiffs' vehicle to be a total loss.

10.

On May 7, 2020, Farm Bureau Insurance sent a check ["first check"] to defendant by mail at the address that defendant had provided and listed on a letter of guarantee.

11.

Defendant received the first check which should have satisfied the balance of indebtedness owed by plaintiffs on the subject auto loan involving the vehicle destroyed in the March, 2020, accident.

12.

Defendant claimed it did not receive the first check from Farm Bureau Insurance.

13.

On June 10, 2020, at plaintiffs' insistence, Farm Bureau Insurance canceled the first check and issued a "second check" to defendant, again, which should have satisfied the balance of indebtedness owed by plaintiffs on the subject auto loan involving the vehicle destroyed in the March, 2020, accident.

14.

Again, Farm Bureau Insurance sent the second check to defendant by mail at the address that defendant had provided and listed on a letter of guarantee.

15.

Defendant claimed it did not receive the second check from Farm Bureau Insurance.

16.

Before the end of the month of June, 2020, at plaintiffs' insistence, Farm Bureau Insurance canceled the second check and issued a "third check" to defendant, again, which should have satisfied the balance of indebtedness owed by plaintiffs on the subject auto loan involving the vehicle destroyed in the March, 2020, accident.

17.

Again, Farm Bureau Insurance sent the third check to defendant at the address that defendant had provided and listed on a letter of guarantee but this time sent it certified mail, return receipt requested.

18.

Defendant could not explain why it allegedly did not receive the first check or second check.

19.

In July, 2020, defendant placed plaintiffs' credit account into collections ["special handling"] and would no longer accept plaintiffs' payments.

20.

In September, 2020, Farm Bureau Insurance canceled the third check as it had not cleared and defendant kept claiming it had not received the third check despite the certified mail, return receipt proof that defendant did receive the third check.

21.

Defendant unleashed a collections campaign against plaintiffs with collections phone calls, letters and false, derogatory credit reportings.

22.

On September 23, 2020, Farm Bureau Insurance had its regional supervisor intervene and make contact with defendant; all to no avail.

23.

In early October, 2020, Farm Bureau Insurance sent a fourth check to defendant at the address that defendant had provided and listed on a letter of guarantee but this time again sent it certified mail, return receipt requested.

24.

The October, 2020, Farm Bureau Insurance communication was copied to plaintiffs and defendant's collections department, and defendant signed the certified mail return receipt acknowledging receipt on October 6, 2020.

25.

Farm Bureau Insurance advised plaintiffs that Farm Bureau Insurance could do no more and it closed its file on the matter.

26.

On November 2, 2020, defendant advised plaintiffs that defendant would no longer communicate with plaintiffs.

27.

At all times, plaintiffs acted reasonably and in an effort to comply with any requests made of plaintiffs.

28.

Plaintiffs are not at fault, in any degree, for the events complained of herein.

29.

Plaintiffs have suffered severe damage to their credit reporting, ratings and scores due to defendant' false, derogatory credit reportings about plaintiffs.

30.

Each such credit reporting by defendant to each consumer reporting agency, represented a false communication about the existence of, nature of, sum of, status and all other aspects of the alleged collection account.

31.

Plaintiffs disputed defendant's false credit reportings to each of the national consumer reporting agencies and demanded reinvestigation and correction of defendant's false, derogatory credit reportings.

32.

On each separate occasion of dispute, pursuant to 15 U.S.C. 1681i[a] and 1681s-2[b], each of the consumer reporting agencies communicated with defendant and provided defendant with the same dispute information as was contained in plaintiffs' disputes. Hence, defendant received the dispute from plaintiffs directly as well as through the E-OSCAR/credit reporting dispute notification mechanism established by the consumer reporting agencies to perform notice and reinvestigation functions with their respective furnisher/user/subscriber such as defendant herein.

33.

For unknown reasons and unknown to plaintiffs, defendant has persisted to maintain a collection account status against plaintiffs despite receipt of multiple disputes advising defendant that the subject collection activity and alleged indebtedness is improper for reasons explained herein.

34.

For unknown reasons and unknown to plaintiffs, defendant proceeded to commence a credit reporting campaign against plaintiffs to the national consumer reporting agencies.

35.

Defendant responded to each communication from the consumer reporting agencies by verifying [confirming] defendant's false, derogatory credit reportings about plaintiffs which is a violation of Section 1681s-2[b], FCRA.

36.

Each such reporting to each consumer reporting agency by defendant about plaintiffs represented an act of collection and separate and distinct false and defamatory communications, each made with malice and willful intent to harm plaintiffs' credit, property rights therein, reputation and standing in the community.

37.

Each such reporting to each consumer reporting agency, represented a false communication about the existence of, nature of, sum of, status and all other aspects of the alleged debt collection account.

38.

Despite the properly lodged disputes, timely re-transmittal of the disputes by the consumer reporting agencies to defendant, and the failed reinvestigations by defendant, plaintiffs were not notified, aware nor could they have known under the circumstances, that the defendant had violated its duties to conduct reasonable, proper, timely and complete reinvestigations and to report accurate information in respond to those formal disputes through the consumer reporting agencies' respective reinvestigation and dispute resolution mechanisms.

39.

As a consequence of the failed reinvestigations and continued false credit reportings that resulted, plaintiffs sustained damages and adverse action due to defendant's fault and violations.

40.

Each of plaintiffs' respective consumer reports, from each respective agency, as archived, show each republication, retransmission and reporting of the false and defamatory information by the defendant about plaintiffs and which led to damages and adverse action.

41.

Each republication, retransmission and reporting of the false and defamatory information by the defendant through their authorized agents, the consumer reporting agencies and their web of inter-related and inter-connected satellites, users, subscribers and scoring partners, represents a separate and distinct tort, violation of both tort law and credit reporting laws and are separately actionable events.

42.

As an authorized agent of each of the defendant, the national consumer reporting agencies posted the inaccurate credit reporting information from the defendant into plaintiffs' credit files and each subsequent credit report prepared and published about plaintiffs contained the false and damaging information. Further, each subsequent credit score and other predictive score and rating about plaintiffs contained information relative to the false reporting by defendant.

43.

Credit reporting and particularly debt collection credit reporting serves no function but to damage the consumer who is the subject of the reportings.

44.

Credit reporting is an act of debt collection.

45.

Credit reporting is a cheap and effective means of damaging the subject consumer which is the intended result sought by the defendant, as a furnisher.

46.

Plaintiffs communicated with defendant on a number of occasions in an effort to obtain resolution and removal of the false information, to no avail. Defendant has continued to report the false, derogatory information and leave the data in plaintiffs' credit files despite plaintiffs' protestations and continued credit reporting damages.

47.

Plaintiffs sustained adverse action in their efforts to utilize their credit and the negative account reportings by defendant have been, at least, a "substantial factor" in causing the damages and adverse action.

48.

Plaintiffs suffered stress, embarrassment, inconvenience and related problems due to the adverse action and his efforts to correct the damages caused to their credit by defendant.

49.

Plaintiffs' credit has excellent absent the contested information.

50.

As reflected in the inquiry sections of plaintiffs' credit report copies, plaintiffs applied for credit and other consumer benefits and have sustained adverse action based upon credit reports prepared and published by defendant and defendant's agents to those third parties.

51.

The defendant performed perfunctory, illegal and essentially useless reinvestigations resulting in the verification of the false reportings and continued placement of the false information in consumer [credit] reports it published about plaintiffs.

52.

The end result was that the same false, derogatory credit reportings persisted and plaintiffs continued to suffer damages.

53.

Plaintiffs suffered a variety of damages, including economic and non-economic damages as prayed for herein.

## COUNTS

### COUNT 1 - NEGLIGENCE OR ALTERNATIVELY INTENTIONAL ACTS

54

Defendant owed duties of reasonable care to plaintiffs.

55.

Defendant failed to exercise reasonable care and prudence in the reporting and collection of the disputed account, each subsequent reporting and re-reporting, the handling and reinvestigation of data about plaintiffs, all made the subject of this lawsuit, and which consequently caused damaged plaintiffs.

56.

Alternatively, defendant recklessly, maliciously and/or intentionally committed various acts and omissions against plaintiffs which have caused damages and other harms to plaintiffs.

### COUNT 2 - DEFAMATION

57.

Defendant recklessly, maliciously and/or intentionally, published and disseminated false and inaccurate information concerning plaintiffs with reckless disregard for the truth of the matters asserted.

58.

Defendant's publishing of such false and inaccurate information has severely damaged the personal and consumer reputation of Plaintiffs and caused severe humiliation, emotional distress and mental anguish to plaintiffs.

59.

Defendant was notified of inaccuracies by plaintiffs however, the defendant continued to issue and/or publish report(s) to third parties which contained inaccurate information about plaintiffs.

60.

Defendant has, with willful intent to injure and/or maliciously, defamed Plaintiffs.

**COUNT 3 - INVASION OF PRIVACY**

61.

Defendant recklessly, maliciously and/or intentionally, published and disseminated false and inaccurate information concerning Plaintiffs with reckless disregard for the truth of the matters asserted and engaged in other debt collection activities and such actions have invaded plaintiffs' privacy.

62.

Defendant has, with willful intent to injure and/or maliciously, invaded Plaintiffs' privacy.

**COUNT 4 - NEGLIGENT OR ALTERNATIVELY INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AND PROPERTY DAMAGE**

63.

Defendant negligently or, alternatively, recklessly, maliciously and/or intentionally, published and disseminated false and inaccurate information concerning Plaintiffs with reckless disregard for the truth of the matters asserted and engaged in other collection activities and such actions have inflicted emotional distress upon plaintiffs and caused serious property damages to their credit, the most-valued property right.

64.

Defendant has, with willful intent to injure and/or maliciously, inflicted emotional distress upon plaintiffs and caused serious property damages to their credit, a most-valued property right.

**COUNT 5 - FURNISHER - FAIR CREDIT REPORTING ACT, 1681s-2[b]**

65.

Further, the consumer reporting agencies advised defendant that plaintiffs disputed the subject accounts and false, derogatory credit reportings.

66.

Each separate notice triggered duties under section 1681s-2[b].

67.

Despite receipt of the same dispute a number of times, defendant failed to properly reinvestigate and respond and repeatedly reported the false, derogatory information to the

consumer reporting agencies in violation of the Act.

68.

According to the national consumer reporting agencies' reports, in each instance, defendant continued to falsely report about plaintiffs.

69.

Defendant willfully, or alternatively, negligently, violated the Fair Credit Reporting Act, 15 U.S.C. 1681s-2[b], multiple times each, by failing to properly conduct a reasonable reinvestigations and by failing to supply accurate and truthful information.

70.

Rather, defendant continued to report false and inaccurate information and failed to retract, delete and suppress false and inaccurate information it reported about the plaintiffs.

71.

Defendant failed to conduct an investigation or reinvestigation with respect to consumer credit data it reported and repeatedly re-reported about plaintiffs.

72.

Defendant failed to review all relevant and pertinent information provided to it by the consumer reporting agencies and plaintiffs.

73.

Defendant was well aware that its reportings and activities would [and will] damage plaintiffs and plaintiffs' ability to enjoy life and utilize the credit rating and reputation property rights they had secured by honoring their obligations to all of their creditors.

**COUNT 6 - BREACH OF CONTRACT AND FAILURE TO ACCEPT PAYMENT**

74.

Defendant had contractual obligations of good faith and fair dealing and to accept plaintiffs' payments on the subject account, which included those from Farm Bureau Insurance, and defendant failed to comply with its contractual duties which led to defendant's improper and illegal collection activity and tortious conduct described herein.

**ADDITIONAL ALLEGATIONS**

75.

The above and foregoing actions, inactions and fault of defendant, as to each and every

count, have proximately caused a wide variety of damages to plaintiffs.

76.

Defendant's false credit reporting about plaintiffs have been a substantial factor in causing credit denials and other damages.

77.

Defendant has negligently and/or willfully violated various provisions of the Fair Credit Reporting Act and other laws and are thereby liable unto plaintiffs.

78.

Defendant is liable unto plaintiffs for all actual, statutory, exemplary and punitive damages awarded in this case, as well as other demands and claims asserted herein including, but not limited to, out-of-pocket expenses, credit denials, costs and time of repairing his credit, pain and suffering, embarrassment, inconvenience, lost economic opportunities, loss of incidental time, frustration, emotional distress, mental anguish, fear of personal and financial safety and security, attorneys' fees, and court costs, litigation expenses, expert witness fees, and other assessments proper by law and any and all other applicable federal and state laws, together with legal interest thereon from date of judicial demand until paid.

WHEREFORE PLAINTIFFS MASON DENUX and CAITLIN WOODARD DENUX PRAY that after all due proceedings be had there be judgment herein in favor of Plaintiffs and against Defendant, HYUNDAI CAPITAL AMERICA, INC. D/B/A KIA MOTORS FINANCE COMPANY, as follows:

1) That there be Judgment in favor of MASON DENUX and CAITLIN WOODARD DENUX and against HYUNDAI CAPITAL AMERICA, INC. D/B/A KIA MOTORS FINANCE COMPANY, for all reasonable damages sustained by Plaintiffs including but not limited to actual damages, compensatory damages, statutory damages, out-of-pocket expenses, credit denials, costs and time of repairing their credit, pain and suffering, embarrassment, inconvenience, lost economic opportunities, loss of incidental time, frustration, emotional distress, mental anguish, fear of personal and financial safety and security, and for punitive/exemplary damages, attorneys' fees, and court costs, litigation expenses, expert witness fees, and other assessments proper by law and any and all other applicable federal and state laws, together with legal interest thereon from date of judicial demand until paid; and

2) That this Honorable Court order the defendant, HYUNDAI CAPITAL AMERICA, INC. D/B/A KIA MOTORS FINANCE COMPANY, to reinvestigate and correct the credit report(s), data emanations, and credit histories of and concerning Plaintiffs or any of plaintiffs' personal identifiers and cease any and all collection activities made against plaintiffs.

FURTHER Pray for all such additional, general and equitable relief as may be necessary and proper in the premises.

Respectfully submitted,

**Bodenheimer, Jones & Szwak, LLC**

**By:** ______________________________

**David A. Szwak, La.BR #21157, TA**
416 Travis Street, Suite 800
Mid South Tower
Shreveport, Louisiana 71101
(318) 424-1400
FAX 221-6555

and

**Andress Law Firm, LLC**

**By:** ______________________________

**J. David Andress, La.BR #__________**
120 Rue Beauregard, Suite 205
Lafayette, Louisiana 70508
(337) 347-9919
**Counsel for Plaintiffs**

PLEASE SERVE:
**HYUNDAI CAPITAL AMERICA, INC. D/B/A KIA MOTORS FINANCE COMPANY, which may be served with process through its registered agent for service of process: NATIONAL REGISTERED AGENTS, INC.
3867 Plaza Drive
Baton Rouge, Louisiana 70816.**

Lafayette Parish
Filed Apr 05, 2021 11:35 AM
Martina Reaux
Deputy Clerk of Court
C-20211510
B

BODENHEIMER, JONES & SZWAK
LLC
ATTORNEYS AT LAW

DAVID A. SZWAK*

*Chairman, Consumer Protection Section, LSBA

416 Travis Street, Suite 800
Mid South Towers
Shreveport, Louisiana 71101
Telephone (318) 424-1400
Facsimile (318) 221-6555
bjks1507@aol.com

G.M. BODENHEIMER (1994)
J.W. JONES (2003)
JAMES P. BODENHEIMER (2016)

www.MyFairCredit.com
www.MyFairDebt.com
www.MyFairAuto.com

March 31, 2021

Lafayette Parish Clerk of Court
P.O. Box 2009
Lafayette, Louisiana 70502

RE: Mason Denux and Caitlin Woodard
v. Hyundai Capital, et al
Suit Number: 20211510
15th Judicial District Court
Lafayette, Louisiana

Dear Clerk:

Enclosed please find the Civil Case Cover Sheet for the above referenced case.

Sincerely,

S/ David Szwak

David Szwak

Enclosure

Lafayette Parish
Filed Apr 05, 2021 11:35 AM
Martina Reaux
Deputy Clerk of Court
C-20211510
B

# LOUISIANA CIVIL CASE REPORTING
## Civil Case Cover Sheet - LA. R.S. 13:4688 and Part G, §13, Louisiana Supreme Court General Administrative Rules

This civil case cover sheet shall be completed by counsel for the petitioner, counsel's authorized representative, or by the self-represented litigant (if not represented by counsel) and submitted with the original petition filed with the court. The information should be the best available at the time of filing. This information does not constitute a discovery request, response or supplementation, and is not admissible at trial.

**Suit Caption:**

MASON DENUX, ET AL

vs.

HYUNDAI CAPITAL AMERICA INC

**Court:** 15th JDC **Docket Number:** C-20211510 -

**Parish of Filing:** Lafayette **Filing Date:** March 23, 2021

**Name of Lead Petitioner's Attorney:** David A. Szwak

**Name of Self-Represented Litigant:** ____________

**Number of named petitioners:** 2 **Number of named defendants:** 2

**Type of Lawsuit: Please check the categories which most appropriately apply to this suit (no more than 3 categories should be checked):**

__Auto: Personal Injury
__Auto: Wrongful Death
__Asbestos: Property Damage
__Product Liability
__Intentional Bodily Injury
__Intentional Wrongful Death
__Business Tort
X Defamation
__Environmental Tort
__ Intellectual Property
__ Legal Malpractice
__ Other Professional Malpractice
__ Maritime
__ Wrongful Death
__General Negligence
__ Auto: Property Damage
__ Auto: Uninsured Motorist
__ Asbestos: Personal Injury/Death
__ Premise Liability
__ Intentional Property Damage
__ Unfair Business Practice
__ Fraud
__ Professional Negligence
__ Medical Malpractice
__ Toxic Tort
X Other Tort (describe below)
__ Redhibition
__ Class action (nature of case)

____________

**Please briefly describe the nature of the litigation in one sentence of additional detail:**
Damage to credit and related violations of statutory laws.

Following the completion of this form by counsel, counsel's representative, or by the self-represented litigant, this document will be submitted to the Office of the Judicial Administrator, Supreme Court of Louisiana, by the Clerk of Court.

Name, address and contact information of person completing form:

Name David Szwak Signature [signature]

Address 416 Travis Street, Suite 800, Shreveport, LA 71101

Phone number: 318-424-1400 E-mail address: bjks1507@aol.com

222 ✓



LAFPC.CV.62335849

Requested by Atty.: SZWAK, DAVID A

# CITATION

| | |
|---|---|
| **MASON DENUX, ET AL** | **FIFTEENTH JUDICIAL DISTRICT COURT** |
| **VS** | **DOCKET NUMBER: C-20211510 B** |
| **HYUNDAI CAPITAL AMERICA INC** | **LAFAYETTE PARISH, LOUISIANA** |

**STATE OF LOUISIANA**

**TO: HYUNDAI CAPITAL AMERICA, INC. D/B/A KIA MOTORS FINANCE COMPANY THROUGH ITS REGISTERED AGENT FOR SERVICE OF PROCESS: NATIONAL REGISTERED AGENTS, INC.**
**3867 PLAZA DRIVE**
**BATON ROUGE, LA 70816**

SHERIFF RETURN
of the Parish of E. BATON ROUGE

You are hereby cited to comply with the demand contained in the petition, a certified copy of which accompanies this citation, (exclusive of exhibits). You should file an answer or other pleading to said petition in the office of the Clerk of the FIFTEENTH JUDICIAL DISTRICT COURT, in the Lafayette Parish Courthouse, LAFAYETTE, Louisiana, within fifteen (15) days after the service hereof. Alternatively, your failure to comply herewith will subject you to the penalty of entry of default judgment against you.

Witness the Honorable Judges of said Court, this MARCH 24, 2021.

Abby Bienvenu

Deputy Clerk of Court
Lafayette Parish

***Attached are the following documents:**
**PETITION**

SHERIFF'S RETURN
LAFAYETTE PARISH SHERIFF

DATE SERVED: ______________, 20______ TIME: ______________

SERVED: ______________

PERSONAL ( ) ______________

DOMICILIARY ( ) ON ______________

UNABLE TO LOCATE MOVED ( ) NO SUCH ADDRESS ( )

OTHER REASON: ______________

RECEIVED TOO LATE FOR SERVICE ( )

SERVICE OF WITHIN PAPERS

COSTS FEE $__________ MILEAGE $__________ TOTAL $__________

DEPUTY ______________

I made service on the named party through the
☒ CT Corp
☐ LA Corp & Registered Agent Services
MAR 3 1 2021
by tendering a copy of this document to
☐ Abby Sarmiento
☒ Ashley Minvielle
☐ Brenna Beauregard
☐ Allison Reed
DEPUTY BRYAN SIMMONS
Deputy Sheriff, Parish of East Baton Rouge, Louisiana

E.B.R. Sheriff Office
RECEIVED
MAR 30 2021

Lafayette Parish Clerk of Court
Filed This Day
APR 07 2021
Dawn Smith
Deputy Clerk